IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRENT ROLLINS, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT KERESTES, et al. | : | NO. 13-7473 |

MEMORANDUM

L. Felipe Restrepo, J.                                                                                  January 30, 2015

Petitioner Trent Rollins comes before this Court by way of a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The habeas petition challenges the decision of the Pennsylvania Board of Probation and Parole (the "Board") to deny Petitioner's reparole.[1] The Hon. Thomas J. Reuter issued a Report and Recommendation (ECF No. 19) ("R&R") recommending that the habeas petition be denied. Petitioner filed timely objections to the R&R as to each conclusion reached by Judge Reuter (ECF No. 20) ("Objections"). As explained further below, the Objections will be overruled, and the R&R will be adopted.

I.   PROCEDURAL HISTORY

Petitioner's initial habeas petition was filed on December 19, 2013. ECF No. 1. In an apparent effort to "clarify" his claimed grounds for relief, Petitioner subsequently filed an amendment to the habeas petition on May 12, 2014. ECF No. 11. The District Attorney of Northampton County answered the habeas petition on June 10, 2014. ECF No. 12. Superintendent Kerestes and the Board answered the hapeas petition on July 21, 2014. ECF No. 16. Petitioner filed a "Traverse" to Respondents' answers to the habeas petition on August 1, 2014. ECF No. 17. Ultimately, Petitioner pursued relief on the grounds that the Board denied

---

[1] The initial habeas petition challenged the Board's August 13, 2013, denial of Petitioner's reparole. Petitioner was subsequently denied reparole on June 20, 2014. Judge Reuter only reviewed the Board's most recent denial of reparole, as the 2013 decision was rendered moot by the 2014 decision since the remedy for an improper parole decision is a new parole review. R&R at 3-4. In addition, Petitioner and Respondents were in agreement that exhaustion is not an issue in this habeas petition. Id. at 4.

1

Petitioner reparole: (1) in violation of his substantive due process rights, (2) in violation of the Equal Protection Clause, (3) in violation of the Double Jeopardy Clause, and (4) as a result of retaliation.  Id. at 2-5.  Judge Reuter issued the R&R on September 16, 2014, concluding that each ground on which Petitioner sought relief was without merit, and recommending that the petition be denied.  ECF No. 19.  Petitioner filed the Objections to the R&R on September 29, 2014, objecting to Judge Reuter's conclusions with respect to all four grounds for relief.  ECF No. 20.

## II.   STANDARD OF REVIEW

Where a party has filed objections to a report and recommendation issued by a United States Magistrate Judge, the District Court must make a *de novo* determination of those portions of the report to which objections are made.  28 U.S.C. § 636; Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).  Because Petitioner has objected to the conclusions reached by Judge Reuter with respect to each of the four grounds for relief, I will make a *de novo* determination as to each conclusion.

## III.   DISCUSSION

### A.  Substantive Due Process

With respect to substantive due process, Judge Reuter concluded that "Petitioner has not demonstrated that the Board based its reparole denial on factors bearing no relationship to the legitimate interests of the Commonwealth," and that "the Board's actions were not so arbitrary or egregious as to shock the conscience . . . ."  R&R at 6.  Petitioner's objection to this claim does nothing to undermine these conclusions, and merely seeks to demonstrate that another legitimate interest of the Commonwealth, rehabilitation, is not advanced by the Board's decision.  Whether the Board's decision furthers the Commonwealth's legitimate interest in rehabilitation is irrelevant – what is relevant is whether Petitioner has demonstrated that the Board based its

reparole denial on factors bearing no relationship to the legitimate interests of the Commonwealth. For the reasons articulated by Judge Reuter, denial of parole was proper, and Petitioner's objection is overruled.

    B.  Equal Protection

With respect to equal protection, "Petitioner objects to the Magistrate Judge's conclusion that he has not shown intentional discrimination on the part of the Board . . . ." Objections at 2-3. Judge Reuter correctly emphasized the near impossibility of identifying similarly situated persons for equal protection purposes in the context of broadly discretionary decisions, such as parole decisions. See R&R at 7 (quoting Rowe v. Cuyler, 534 F. Supp. 297, 301 (E.D. Pa. 1982)). In stating his objection on this claim, Petitioner again fails to identify any similarly situated prisoners who were treated differently, and merely points to "facts" that are "reflected" in an employment discrimination action filed nearly fourteen years ago in the Middle District of Pennsylvania. See Dennison v. Pa. Dept. of Corrections, 286 F.Supp.2d 387 (M.D. Pa. 2003) (granting in part and denying in part defendants' motion for summary judgment). There is nothing in the Dennison case or the remaining portions of Petitioner's submissions that sufficiently identify the existence of similarly situated individuals for equal protection purposes. Judge Reuter was correct in concluding that Petitioner cannot demonstrate intentional discrimination between Petitioner and a similarly situated inmate, and Petitioner's objection to that conclusion is overruled.

    C.  Double Jeopardy

With respect to double jeopardy, "Petitioner objects to the Magistrate Judge's conclusion that the denial of reparole is not an additional punishment for an offense and that Double Jeopardy clause does not apply." Objections at 3. As correctly noted by Judge Reuter, Petitioner has not been subjected to: (1) a second prosecution after an acquittal or conviction; (2) multiple

punishments for the same offenses; and (3) has not been incarcerated beyond his maximum sentence.  See United States v. Baird, 63 F.3d 1213, 1215 (3d Cir. 1995), cert denied, 516 U.S. 1111 (1996).  Accordingly, Judge Reuter's conclusion that the denial of Petitioner's reparole does not violate the Double Jeopardy Clause is correct, and Petitioner's objection to that conclusion is overruled.[2]

### D.  Retaliation

With respect to retaliation, "Petitioner objects to the Magistrate Judge's conclusion that he failed to produce any evidence that the Board was retaliating against him for the exercise of a constitutional right to support a Retaliation claim."  Objections at 4.  Petitioner claims that the denial of his reparole was based, in part, on various prison infractions he received, and that some of those infractions resulted from Petitioner's exercise of his constitutional right to free speech. Id.  Petitioner has cited no case law to support his new argument that "abusive, obscene, or inappropriate language" uttered by an individual in state custody amounts to constitutionally protected speech.  To the contrary, courts considering this issue have consistently held that prisoners do not have a constitutionally protected right to use inappropriate, disrespectful, and derogatory language.  See, e.g., Torres v. Clark, 522 F. App'x 103, 106 (3d Cir. 2013) (holding that abusive, obscene, or inappropriate language used by a prisoner in a letter "plainly violated the prison's permissible restriction on [the prisoner's] First Amendment rights and therefore cannot form the basis for a retaliation claim."); Brown v. Hannah, 850 F.Supp.2d 471, 479 (M.D. Pa. 2012) (finding that a prisoner failed to demonstrate a constitutionally protected right to use

---

[2] Though Petitioner attempts to re-frame the issue before the Court, Petitioner's objection does nothing to call into question the well-reasoned and directly applicable cases relied upon by Judge Reuter.  E.g., Logan v. Klem, 2006 WL 2950486, at *14 (E.D. Pa. Oct. 16, 2006) (holding that denial of parole cannot be characterized as punitive, and thus outside the purview of the Double Jeopardy Clause); Bonilla v. Vaughn, 1998 WL 480833, at *11 (E.D. Pa. Aug. 14, 1998) (a denial of parole that results in a convict serving his maximum sentence in custody does not violate the Double Jeopardy Clause); Jubilee v. Horn, 959 F. Supp. 276, 279 n.4 (E.D. Pa. 1997) (holding that jeopardy does not attach at parole hearings).

inappropriate, disrespectful, and derogatory language for the purpose of alleging a retaliation claim).  Petitioner's objection to Judge Reuter's conclusion regarding the retaliation claim is overruled.

      E.  <u>Certificate of Appealability</u>

Petitioner does not specifically object to the recommendation that no certificate of appealability be issued.  Because Petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further,[3] no certificate of appealability will be issued.

An appropriate Order follows.

---

[3] See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).